UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

HOWARD SALTEN,

                     Plaintiff,

          -against-

THE COUNTY OF SUFFOLK, SUFFOLK COUNTY
POLICE DEPARTMENT, SUFFOLK COUNTY
SHERIFF'S DEPARTMENT, STEVE LEVY, THOMAS
J. SPOTA, CHIRSTINE MALAFI, RICHARD DORMER,
SALVATORE MANNO, CAROL ERBIS, DENNIS
STEWARD, MICHAEL MILTON, VINCENT F.
DEMARCO, and JOHN/JANE DOES 1-20,

                     Defendants.
----------------------------------------------------------X
FEUERSTEIN, J.

**ORDER**
08 CV 5294 (SJF) (AKT)

On December 17, 2008, *pro se* plaintiff Howard Salten ("plaintiff") initiated this action against Suffolk County, several police officers, and related individuals and entities ("defendants") asserting fifteen (15) claims relating to his allegations that excessive force was used during his unlawful arrest. On April 6, 2011, Magistrate Judge A. Kathleen Tomlinson issued a Report and Recommendation (the "Report") which recommended that plaintiff be precluded from seeking relief in the form of compensatory damages pursuant to Rule 37(b) of the Federal Rules of Civil Procedure based upon his disregard of Court instructions. No objections have been filed to the Report. For the reasons stated herein, the Report is accepted in its entirety.

1

I.  Discussion

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters, to which a timely objection has been made, is reviewed de novo. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). To accept the report and recommendation of a magistrate judge to which no timely objection has been made, the district judge need only be satisfied that there is no clear error on the face of the record. *See* Fed. R. Civ. P. 72(b); see also Baptichon v. Nevada State Bank, 304 F. Supp. 2d 451, 453 (E.D.N.Y. 2004), *aff'd*, 125 F. App'x. 374 (2d Cir. 2005); Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

At a conference on March 11, 2007, Magistrate Judge Tomlinson advised plaintiff that she would issue the Report. *See* Report at 7. Defendants served the Report on April 6, 2011. *See* DE 58. At a conference on April 8, 2011, plaintiff was provided with a copy of the Report by this Court and advised that any objections were to be submitted on or before April 25, 2011. No objections have been filed. Upon review, the Court is satisfied that the Report is not facially erroneous. Accordingly, the Court accepts and adopts the Report as an Order of the Court.

II.	Conclusion

For the foregoing reasons, the Report is adopted as an order of the Court and plaintiff is precluded from seeking compensatory damages in this action.

**SO ORDERED.**

_/s/ Sandra J. Feuerstein_
SANDRA J. FEUERSTEIN
United States District Judge

Dated: May 13, 2011
      Central Islip, New York