D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
HOWARD SALTEN,

               Plaintiffs,

          - against -

THE COUNTY OF SUFFOLK, SUFFOLK COUNTY
POLICE DEPARTMENT, SUFFOLK COUNTY
SHERIFF'S DEPARTMENT, STEVE LEVY,
THOMAS J. SPOTA, CHRISTINE MALAFI,
RICHARD DORMER, SALVATORE MANNO,
CAROL ERBIS, DENNIS STEWARD, MICHAEL
MILTON, VINCENT F. DEMARCO, and JOHN/JANE
DOES 1-20

               Defendants.
---------------------------------------------------------------X

FEUERSTEIN, J.

**ORDER**
08-CV-5294 (SJF) (AKT)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y

★ OCT 19 2011 ★

LONG ISLAND OFFICE

I.      Introduction

On December 17, 2008, pro se plaintiff Howard Salten ("plaintiff") brought this action

against defendants the County of Suffolk, Suffolk County Police Department, Suffolk County

Sheriff's Department, Steve Levy, Thomas J. Spota, Christine Malafi, Richard Dormer, Salvatore

Manno, Carol Erbis, Dennis Steward, Michael Milton, Vincent F. DeMarco and John/Jane Does

1-20, alleging violations of 42 U.S.C. § 1983 and pendent state law claims, including assault,

battery, intentional infliction of emotional distress, and violations of the New York State

Constitution.  Plaintiff's complaint seeks "declaratory relief," compensatory damages, punitive

1

damages, costs, and fees.  On September 9, 2011, the Court issued an order directing plaintiff to show cause why the action should not be dismissed pursuant to Federal Rule of Civil Procedure 41 for his failure to prosecute.  Docket No. 77.  Plaintiff filed his response on October 6, 2011. Docket No. 87.

Throughout this case, plaintiff has consistently failed to follow court orders, to appear at court-ordered conferences, and to cooperate in discovery.  In February 2011, after plaintiff again failed to provide disclosure to defendants, Magistrate Judge Tomlinson "reluctantly" declined to recommend dismissal of the case, Docket No. 57 at 6, and in May 2011, this Court adopted Magistrate Judge Tomlinson's recommendation that plaintiff be precluded from seeking compensatory damages, Docket No. 60.

Although trial was scheduled to begin last month, and despite the issuance of the order to show cause, plaintiff has still failed to take any steps to depose the defendants, failed to appear at two court conferences, and failed to comply with Magistrate Judge Tomlinson's order to confer with defendants' counsel concerning discovery.  Under the circumstances, the Court finds that dismissal of this action for failure to prosecute is appropriate.

A.      History of Plaintiff's Conduct.

Plaintiff commenced this action by filing his complaint on December 17, 2008.  Docket No. 1.  Defendants served a motion to dismiss on or about May 8, 2009.  See Docket No. 16.  At an initial conference on April 30, 2009, plaintiff was ordered to serve his opposition to defendants' motion to dismiss by June 8, 2009.  Discovery was stayed pending resolution of the

2

motion to dismiss.  Docket No. 11.  Despite this order, plaintiff did not file his opposition to defendants' motion until July 7, 2009.  Docket No. 15.  He did not seek leave of Court to extend his deadline.  Recognizing the plaintiff's pro se status, however, the Court denied defendants' request that the Court consider their motion to dismiss as unopposed.  Docket Nos. 12, 13.

On March 29, 2010, Magistrate Judge Tomlinson issued a Report and Recommendation (the "Report") recommending that defendants' motion to dismiss be granted in part and denied in part.  Docket No. 22.  The Report clearly stated that parties had "fourteen (14) days from service" of the report to file objections, and that "[a]ny requests for an extension of time for filing objections must be directed to Magistrate Judge Feuerstein prior to the expiration of the fourteen (14) day period for filing objections."  Docket No. 22 at pp. 14-15.  Although the Report was served upon plaintiff on March 31, 2010, Docket No. 23, plaintiff did not file his objections until April 30, 2010, after this Court had already adopted the Report in its entirety on April 26, 2010. Docket Nos. 24, 26.  Upon resolution of the motion to dismiss, the stay of discovery was lifted on April 26, 2010.  See Docket No. 11.

On May 28, 2010, plaintiff wrote a letter to the Court claiming that counsel for defendants was responsible for "inordinate spurious delays" and requesting that the Court issue an order "to hold immediate depositions of defendants."  Docket No. 29.  In a letter dated June 2, 2010, defendants stated that plaintiff had not noticed depositions of the defendants or otherwise prosecuted his case following resolution of the motion to dismiss on April 26, 2010.  Docket No. 28.

The parties appeared for a pre-trial conference on December 15, 2010.  Plaintiff still had not noticed any depositions and no discovery had taken place.  The Court recommended that

depositions begin on January 13, 2011, and scheduled a conference for March 14, 2011. See

Docket Nos. 34, 38. On January 28, 2011, defendants notified the Court that plaintiff's

deposition had been scheduled for February 2, 2011, but that plaintiff had not yet scheduled

depositions of defendants. Docket No. 36.

Due to plaintiff's refusal to respond to questions during his deposition on February 2,

2011, Magistrate Judge Tomlinson ordered that the deposition cease and that the parties appear

in court the next day. During the February 3 conference, Magistrate Judge Tomlinson directed

plaintiff to answer, inter alia, questions about injuries allegedly sustained during the incident in

question, plaintiff's preexisting injuries, and injuries he allegedly suffered after the incident.

Magistrate Judge Tomlinson warned plaintiff that if he failed to answer the questions, he could

face sanctions for failing to comply with his discovery obligations. Defendants also noted that

plaintiff had failed to execute standard HIPAA releases and forms necessary to release his

criminal file. Plaintiff was directed to review the forms and return to the court if he had any

objections. Docket No. 38.

Magistrate Judge Tomlinson held three more docket calls that day in order to manage

ongoing deposition and discovery disputes. Docket Nos. 38, 39, 40, 41. At the second docket

call, Magistrate Judge Tomlinson directed that plaintiff's deposition continue in her presence.

Docket Nos. 39, 57. Magistrate Judge Tomlinson found some of plaintiff's testimony to be

"evasive" and admonished plaintiff not to "play[] games." Docket No. 57 at 2. After continuing

problems at the deposition, the parties appeared before the court a third time. Magistrate Judge

Tomlinson found that plaintiff's responses to questions continued to be "non-responsive" and

"evasive," and called them "a periodic exercise in cat-and-mouse gamesmanship." Id. Plaintiff

4

was advised that, because he had placed his physical and mental health directly at issue, defendants had a right to discovery of all information related to those alleged damages. Id.

Magistrate Judge Tomlinson ordered that the deposition be suspended until defendants obtained plaintiff's medical and criminal records. Plaintiff argued that the scope of the release forms was too broad, and Magistrate Judge Tomlinson limited the releases to the time period of January 1, 2000 to the present. Plaintiff ultimately agreed to provide defendants with a general release as to records located at Brookhaven Hospital, but not as to records located at other facilities. He also refused to consent to the release of his criminal file. Magistrate Judge Tomlinson directed that plaintiff provide executed releases to counsel for defendants by February 14, 2011. Docket Nos. 40, 57.

The parties appeared before Magistrate Judge Tomlinson for a fourth time after plaintiff failed to provide information required for the Brookhaven Hospital record release forms. Magistrate Judge Tomlinson explained that if plaintiff did not complete the forms as directed, she would be forced to recommend that any evidence concerning plaintiff's alleged damages be precluded. Plaintiff was directed to provide this information by March 8, 2011. Docket No. 41.

On February 9, 2011, plaintiff faxed a copy of a release form for Brookhaven Hospital to the Court and to counsel for defendants. Docket Nos. 43, 57 at 5. The next week, counsel for defendants filed a letter stating that the release forms did not comply with the court's orders, and defendants requested dismissal of the action. Docket No. 46. Although Magistrate Judge Tomlinson "reluctantly" declined to recommend dismissal of the case, Docket No. 57 at 6, she issued an order warning plaintiff that he had until February 25, 2011 to correct the deficiencies in the HIPAA forms, and that if he did not do so, the court would recommend that he be precluded

from presenting any evidence of damages at trial. The order stated that plaintiff would be given no further extensions to comply with the court's directives. Docket No. 47. Plaintiff did not comply with that order. See Docket Nos. 52, 57.

On March 2, 2011, plaintiff sent a letter by facsimile to Magistrate Judge Tomlinson's chambers in which he stated that he would be appearing personally in Magistrate Judge Tomlinson's courtroom on March 4, 2011, and that he would be "prepared to commence examination of defendants in the above captioned matter." Plaintiff stated that if the defendants were not produced in court for their depositions, he would "seize title" to all tangible interests located in Suffolk County in which he held a "divided interest." He accused defendants of "dilatory sanctionable tactics" and Magistrate Judge Tomlinson of participating in activity "tantamount to felony conspiracy." Docket No. 49. The court scheduled a conference for March 11, 2011. Docket No. 50.

On March 3, 2011, counsel for defendants notified the court that plaintiff had not provided the completed HIPAA releases by February 25, 2011, as ordered. Docket No. 52. At the March 11 conference, Magistrate Judge Tomlinson stated that she had "given [plaintiff] every opportunity to take care of this in a reasonable fashion," but that she had been left with no option but to recommend that evidence related to his damages claim be precluded. Docket No. 57 at 7.

On April 6, 2011, Magistrate Judge Tomlinson issued a report and recommendation recommending that plaintiff be "precluded from seeking relief in the form of compensatory damages in this case pursuant to Federal Rule 37(b)." Docket No. 57. The defendants' depositions were stayed pending ruling on any objections to the report and recommendation. Id. On May 13, 2011, this Court adopted the report and recommendation in full, and ordered that

6

plaintiff be precluded from seeking compensatory damages in this action.  Docket No. 60.  Trial was subsequently scheduled for September 19, 2011.

In light of the upcoming trial date, Magistrate Judge Tomlinson scheduled a court conference for July 15, 2011.  Docket No. 62.  Although counsel for defendants served a copy of the order on plaintiff, Docket No. 63, plaintiff failed to appear, Docket No. 66.[1]  Magistrate Judge Tomlinson rescheduled the conference for July 21, 2011 and stated in an order: "if Salten intends to conduct any discovery in this case prior to trial, this is his opportunity to do so.  If he does not appear for the July 21 conference, the Court will assume that he does not intend to conduct any further discovery prior to trial."  Docket No. 66.  Counsel for defendants also served a copy of this order on plaintiff.  Docket No. 67.

On July 21, 2011, plaintiff once again failed to appear at the scheduled conference. Magistrate Judge Tomlinson weighed the possibility of precluding any further discovery by defendant, but ultimately ruled that discovery would be stayed until after the court conducted another conference.  Defendants' counsel was directed to contact plaintiff to inform him of this fact, and the parties were to confer "promptly."  Magistrate Judge Tomlinson reiterated that trial had been scheduled for September 19 and would not be adjourned.  She took note of the fact that plaintiff's deposition still had not been completed, and that defendants were entitled to complete the deposition prior to trial.  Docket No. 68.  This order was also served upon plaintiff.  Docket No. 69.

On August 11, 2011, counsel for defendants filed a letter requesting that the complaint be

---

[1] Plaintiff has provided the court and defendants with no contact information other than a post office box in Southapmton, New York.

7

dismissed for plaintiff's failure to prosecute the action. Counsel noted that the July 21, 2011 order had been mailed to plaintiff, but that the County Attorney's Office had not heard from plaintiff. Docket Entry 71. At this point, plaintiff's deposition still had not been completed, and plaintiff had failed to seek any further discovery.

On August 18, 2011, plaintiff filed a letter in response, seeking a change in venue and demanding an "order direct[ing] depositions" of "all the parties as defendants or material witnesses as defined by plaintiff." Plaintiff accused defendants' counsel of "refus[ing] . . . to produce defendants for depositions," and accused various individuals of "criminal collusion" to deny him his constitutional rights. Docket No. 72. Plaintiff also submitted a list of individuals he demanded to depose, including a number of individuals who were covered by the Court's January 31, 2011 protective order. See Docket No. 73.

B.    The Instant Order to Show Cause.

On September 9, 2011, this Court directed plaintiff to show cause why the complaint should not be dismissed for his failure to prosecute the action and failure to comply with court orders. Docket No. 77. On September 15, 2011, plaintiff filed a letter in response, in which he stated that he had not received defendants' motion to dismiss. He further represented that he had "repeatedly" sought depositions of the defendants, which he accused the Court and defendants' counsel of preventing. Docket No. 82. The Court directed defendants to re-serve plaintiff with the motion to dismiss, and plaintiff was given until October 4, 2011 to file his response.

Trial, which had been scheduled for September 19, 2011, was adjourned. The Court

8

subsequently granted plaintiff additional time to file his response to the order to show cause.

Plaintiff filed his response on October 6, 2011. Docket No. 87. The response does not address

specific reasons why the action should not be dismissed;[2] rather, plaintiff accuses the Court of

"bias" and demands that the Court recuse itself.


II.     Analysis


"It is, of course, well established that dismissal pursuant to Fed. R. Civ. P. 41(b) for lack

of prosecution or for failure to comply with an order of the court is a matter committed to the

discretion of the district court . . . ." Harding v. Federal Reserve Bank of N.Y., 707 F.2d 46, 50

(2d Cir. 1983) (citing cases). Dismissal is a "harsh remedy" to be "utilized only in extreme

situations." Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009) (internal quotations omitted). In

this context, the district court must consider five "guiding rules" in determining whether to

dismiss an action:

> "(1) the duration of the plaintiff's failure to comply with the court order, (2)
> whether plaintiff was on notice that failure to comply would result in dismissal,
> (3) whether the defendants are likely to be prejudiced by further delay in the
> proceedings, (4) a balancing of the court's interest in managing its docket with the
> plaintiff's interest in receiving a fair chance to be heard, and (5) whether . . . a
> sanction less drastic than dismissal [would be appropriate]."

Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). The Court finds that these factors weigh

---

[2] Plaintiff's only reason for failing to comply with court orders and failing to move this
case forward is that he "did not receive mailed notice of either conference in advance of their
taking place." Docket No. 87 at 10. However, it is clear that plaintiff received notice of at least
the July 15 conference, since he sent defendants' counsel a handwritten note at the bottom of a
letter that specifically referenced that conference. Docket No. 68.

in favor of dismissal. Accordingly, this action is dismissed. See Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 665 (2d Cir. 1980) (affirming dismissal of plaintiff's claims where plaintiff's behavior was "dilatory, obstreperous, and resolute").

### 1. Duration of Plaintiff's Failures

In considering the first factor, the Court must determine "(1) whether the failures . . . were those of the plaintiff, and (2) whether these failures were of significant duration." United States ex rel. Drake v. Norden Systems, Inc., 375 F.3d 248, 255 (2d Cir. 2004) (citing Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001)).

Plaintiff has utterly failed to move his case forward since the stay on discovery was lifted on April 26, 2010. Although plaintiff has demanded to take depositions in various accusatory and belligerent letters directed to the Court, he never actually scheduled the depositions of any defendants or conducted any other discovery. To the extent that defendants have attempted to perform discovery, plaintiff has sought to frustrate their efforts.

These failures, which have been ongoing for close to a year and a half, are of a "significant duration." Even though the initial stay on discovery was lifted on April 26, 2010, plaintiff took no steps to perform discovery before the December 15, 2010 pre-trial conference. At the conference, the Court even suggested particular dates on which plaintiff might depose defendants, yet plaintiff still failed to notice any depositions. Trial was scheduled for September 19, 2011. As that date approached, Magistrate Judge Tomlinson ordered plaintiff several times to appear for conferences in order to manage discovery. Plaintiff failed to comply with

10

Magistrate Judge Tomlinson's orders to appear and to confer with defendants' counsel, even though the scheduled trial date has now passed. This factor weighs in favor of dismissal. See Chira, 634 F.2d at 665 (affirming dismissal where plaintiff and attorney "did absolutely nothing at all to move their case to trial" over a six-month period); Graham v. Reed, No. 06-CV-2065 (DGT), 2007 WL 2323506 (E.D.N.Y. Aug. 10, 2007) (dismissing case when plaintiff failed to comply with court orders and cooperate in discovery).

### 2.    Notice

Plaintiff was warned on numerous occasions that he would face sanctions if he failed to comply with court orders. During at least one of the parties' appearances on February 3, 2011, Magistrate Judge Tomlinson warned plaintiff that if he continued to impede defendants' attempt to conduct discovery, he could be precluded from introducing evidence of his damages at trial. Docket No. 41.

On February 15, 2011, defendants requested dismissal of the action for plaintiff's continued failure to comply with court orders. Docket No. 46. Although Magistrate Judge Tomlinson denied the motion to dismiss "at [that] time," she placed plaintiff "on **FINAL NOTICE** that he has one week . . . to cure [the] deficiencies." Docket No. 47. At this point, plaintiff was certainly on notice that he might face sanctions up to and including dismissal of his case.

Nevertheless, plaintiff did not comply with this order. Although Magistrate Judge Tomlinson's Report ultimately recommended a lesser sanction, it specifically noted that

11

Magistrate Judge Tomlinson had denied the motion to dismiss "reluctantly." Docket No. 57 at 6. This served as another notice that the court might be inclined to dismiss plaintiff's case if he continued to disregard court orders.

Plaintiff was notified of this possibility yet again when the Court issued the order to show cause on September 9, 2011, which directed plaintiff to "show cause why the complaint should not be dismissed for failure to prosecute." Docket No. 77. Thus, this factor also weighs in favor of dismissal. See Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982).

3.    Prejudice to Defendants

Third, the Court must consider "whether defendants are likely to be prejudiced by further delay." Drake, 375 F.3d at 256 (internal quotation marks omitted) (citation omitted). "Prejudice may be presumed as a matter of law in certain cases, but the issue turns on the degree to which the delay was lengthy and inexcusable." Id. "[C]ourts may more readily presume prejudice" when "the delay is of significant duration." Center for Monitoring Impact of Peace, Inc. v. Center for Monitoring Impact of Peace, R.A., No. 06 CIV. 2390 (LAP), 2010 WL 3958823, at *3 (S.D.N.Y. Sept. 24, 2010).

As discussed above, plaintiff's delays have spanned close to a year and a half, and are therefore of a "significant duration." Plaintiff has not offered any explanation or justification for his failure to move this case forward. Thus, prejudice can be presumed in this case. See Livecchi v. U.S. Dep't of Hous. & Urban Dev., 153 Fed. Appx. 16, 17 (2d Cir. 2005) (affirming dismissal when pro se litigant gave "no adequate excuse for his inactivity").

12

Furthermore, the incident at issue in this case occurred on December 17, 2005, close to six years ago. Further delay will risk faded memories, loss of evidence, and witness unavailability. The Court declines to prejudice defendants in that manner. Thus, this factor also weighs in favor of dismissal.


4.     Balancing the Court's Interest in Managing its Docket with Plaintiff's Rights

Fourth, the Court must strike a "balance between district court calendar congestion and the plaintiff's right to an opportunity to be heard." Drake, 375 F.3d at 257. A court, however, "must not let its zeal for a tidy calendar overcome its duty to justice." Davis v. United Fruit Co., 402 F.2d 328, 331 (2d Cir. 1968).

In this case, the plaintiff has had an adequate opportunity to be heard, but has taken no substantive steps to prepare his case for trial. Although Magistrate Judge Tomlinson issued a series of orders in an attempt to manage discovery, these have largely gone unheeded by plaintiff. Thus, this factor also weighs in favor of dismissal. See, e.g., Center for Monitoring Impact of Peace, 2010 WL 3958823, at *3 ("Continuing to issue order after order consumes judicial resources and to date has not compelled any progress in the prosecution of this lawsuit."); Zinnamon v. Outstanding Bus Co., No. 08-CV-1787 (ARR)(LB), 2009 WL 3048722, at *5 (E.D.N.Y. Sept. 23, 2009) ("[t]he interest of justice is not served by giving plaintiff unlimited chances to obey the Court's orders . . ."); Antonio v. Beckford, No. 05-CV-2225 (KMK), 2006 WL 2819598, at *4 (S.D.N.Y. Sept. 29, 2006).

13

5.    <u>Lesser Sanctions</u>

Defendants moved once before to dismiss this case for plaintiff's failure to comply with court orders, but at that time, the Court opted to impose lesser sanctions on plaintiff. Consequently, even if this case were eventually to proceed to trial, plaintiff would be precluded from seeking compensatory damages.  Because the imposition of lesser sanctions evidently was not effective last time, the Court comes to the "inexorable conclusion that no sanction short of dismissal would effectively address [plaintiff's] conduct." <u>Fertuado v. City of N.Y.</u>, 225 F.R.D. 474, 480 (S.D.N.Y. 2004).  This factor as well weighs in favor of dismissal.

*       *       *

The Court is mindful of the fact that dismissal is an "extreme" remedy, but has carefully considered the circumstances of this case and finds that dismissal is warranted.  <u>Chira</u>, 634 F.2d at 668 ("Delays have dangerous ends, and unless district judges use the clear power to impose the ultimate sanction where appropriate, exhortations of diligence are impotent.").

14

III.     Conclusion

For the foregoing reasons, this action is dismissed with prejudice, and the Clerk of Court is directed to close the case.  In accordance with Rule 77(d) of the Federal Rules of Civil Procedure, the Clerk of Court shall serve a copy of this order with notice of entry upon all parties, including mailing a copy of this order to the pro se plaintiff and record such service on the docket.

**SO ORDERED.**

_____
Sandra J. Feuerstein
United States District Judge

Dated:          October 19, 2011
                Central Islip, NY

15