UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
HOWARD SALTEN,

                            Plaintiff,

                - against -

THE COUNTY OF SUFFOLK, SUFFOLK COUNTY
POLICE DEPARTMENT, SUFFOLK COUNTY
SHERIFF'S DEPARTMENT, STEVE LEVY,
THOMAS J. SPOTA, CHRISTINE MALAFI,
RICHARD DORMER, SALVATORE MANNO,
CAROL ERBIS, DENNIS STEWARD, MICHAEL
MILTON, VINCENT F. DEMARCO, and JOHN/JANE
DOES 1-20,

                          Defendants.
-----------------------------------------------------------X

**ORDER**
08-CV-5294 (SJF) (AKT)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   AUG 0 6 2012   ★

LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

Pro se plaintiff Howard Salten ("plaintiff") commenced this action on December 17, 2008, alleging, inter alia, violations of 42 U.S.C. § 1983. By order dated October 19, 2011, the Court dismissed plaintiff's complaint for failure to prosecute. [Docket Entry No. 88]. Judgment was entered on October 20, 2011. [Docket Entry No. 89].

On November 18, 2011, plaintiff filed a motion for "vacatur; reconsideration; disqualification of the court; disclosure by the court; and other relief." [Docket Entry No. 90]. For the reasons that follow, the motion is denied in its entirety.

1

I. Analysis

A. Timeliness of Motion

Insofar as plaintiff moves for reconsideration or reargument under Local Civil Rule 6.3, the motion is untimely. Local Rule 6.3 specifies that such a motion "shall be served within . . . fourteen (14) days after the entry of the judgment." Plaintiff claims that he was confused about his deadline to move for reconsideration, due in part to what he believes to be an affirmative attempt to mislead him about that date. Although pro se litigants "generally are required to inform themselves regarding procedural rules and to comply with them," Edwards v. Immigration & Naturalization Serv., 59 F.3d 5, 8 (2d Cir. 1995), the Court will give plaintiff the benefit of the doubt and will deem the motion timely.[1]

B. Standard on Motion for Reconsideration/Reargument

Local Rule 6.3 provides, inter alia, that a party seeking reconsideration or reargument of a court order determining a motion shall set forth "concisely the matters or controlling decisions which counsel believes the Court has overlooked." The rule is "to be narrowly construed and strictly applied in order to avoid repetitive arguments on issues that the court has fully considered." Abrahamson v. Bd. of Educ. of Wappingers Cent. Sch. Dist., 237 F.Supp.2d 507, 510 (S.D.N.Y. 2002). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d

---

[1] Plaintiff moves under Rule 60(b) only in the alternative, in the event the Court were to strike his motion for reconsideration as untimely. However, even if the Court were to analyze the motion as timely under Rule 60(b), it would fail on the merits.

2

Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790).

C. Dismissal for Failure to Prosecute

Plaintiff provides no basis for vacating or otherwise modifying the Court's order of dismissal. Although plaintiff's affidavit largely reiterates his arguments in favor of recusal, an issue addressed infra, the few additional explanations of his failure to prosecute his case do not warrant reconsideration.

Specifically, plaintiff now explains that he was incarcerated from April 2010 to December 2010, see Docket Entry No. 90 at ¶ 37, which presumably hindered his ability to proceed with this case. Plaintiff also explains that he failed to appear in court on several scheduled dates because he had not received advance notice of the conferences. Id. at ¶¶ 18-27. Even crediting these explanations as true, they do not provide justification for plaintiff's overall pattern of conduct. Nor has plaintiff identified any "intervening change of controlling law," "availability of new evidence," or the "need to correct a clear error or prevent manifest injustice" that would justify reconsideration of the dismissal order. See Virgin Atl. Airways, Ltd., 956 F.2d at 1255. Thus, the Court finds that dismissal for failure to prosecute was the appropriate remedy given the facts of this case.

D. Recusal

Insofar as plaintiff seeks recusal, he argues that the Court must recuse itself because he has named the undersigned, Magistrate Judge Tomlinson, and defendants' counsel as third-party

defendants in pending a state court action in which he is already named as a defendant. Docket Entry No. 90 at ¶¶ 8-17. According to an affidavit filed by plaintiff, the basis of this third-party action is an alleged "felonious criminal conspiracy to deprive [him] of [his] constitutional rights." Id. at ¶ 17. Plaintiff's first affidavit seeking recusal was filed only in response to an order directing plaintiff to show cause why the action should not be dismissed for his failure to prosecute. See Docket Entry No. 82.

Sections 144 and 455 of the Judicial Code govern the recusal of federal judges. Morisseau v. DLA Piper, 532 F.Supp.2d 595, 623 (S.D.N.Y. 2008); see 28 U.S.C. § 144; 28 U.S.C. § 455. "[T]he substantive standard for recusal is whether a reasonable person, knowing all the facts, would conclude that the court's impartiality might reasonably be questioned." Apple v. Jewish Hosp. & Med. Ctr., 829 F.2d 326, 333 (2d Cir. 1987). "Discretion is confided in the district judge in the first instance to determine whether to disqualify himself [or herself]." In re Drexel Burnham Lambert, Inc., 861 F.2d 1307, 1312 (2d Cir. 1988). "In deciding whether to recuse himself [or herself], the trial judge must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of his [or her] presiding over their case . . . . Litigants are entitled to an unbiased judge; not to a judge of their choosing." Id. The Court has an "affirmative duty . . . not to disqualify [it]self unnecessarily." Mazzei v. The Money Store, 483 F.Supp.2d 323, 327 (S.D.N.Y. 2007) (citing Nat'l Auto Brokers Corp. v. General Motors Corp., 572 F.2d 953, 958 (2d Cir. 1978)).

Plaintiff has not demonstrated that a reasonable person, knowing all the facts, would conclude that the court's impartiality might reasonably be questioned. His argument for recusal

4

arises from his own attempt to implead several judges, including the undersigned, and defense counsel into a (presumably unrelated) state court action. However, it is settled that "a judge is not required to recuse him- or herself simply because a litigant before the judge has filed suit or made a complaint against him or her." Jenkins v. Sladkus, No. 04 Civ. 1595, 2004 WL 1238360, at *1 (S.D.N.Y. June 3, 2004). See also United States v. Martin-Trigona, 759 F.2d 1017, 1020-21 (2d Cir. 1985) (district court's denial of recusal motion proper after litigant filed suit against judge and his wife); United States v. Sykes, No. 05-CR-6057, 2008 WL 3049975, at *3 (W.D.N.Y. July 31, 2008) (litigant cannot "force a judge's recusal merely by filing a complaint or instituting a suit against him or her"); United States v. Nagy, 19 F.Supp.2d 139, 140-141 (S.D.N.Y. 1998) (A judge "is not disqualified merely because a litigant sues or threatens to sue him [or her]. Such an easy method for obtaining disqualification should not be encouraged or allowed.") (quoting Ronwin v. State Bar of Arizona, 686 F.2d 692, 700-01 (9th Cir. 1981)); Jemzura v. Public Service Comm'n, 961 F. Supp. 406, 411 (N.D.N.Y. 1997) ("[T]he general rule is that recusal is not appropriate merely because a party has sued or threatens to sue the judge presiding over that party's litigation . . . . The logic behind the rule is to prevent 'judge-shopping' by litigants."). Thus, insofar as plaintiff seeks reconsideration or reargument of his application for recusal, this motion is also denied.[2]

---

[2] The Court need not have issued an explicit ruling on the disqualification issue before ruling on defendants' letter motion to dismiss. See 28 U.S.C. § 144 (stating that judge shall "proceed no further" when a party files a "timely and sufficient affidavit"). As an initial matter, the Court's denial of the motion was implicit in its October 19, 2011 order. See Docket Entry No. 88 at 9. Furthermore, plaintiff's affidavit was not "timely," nor was it "sufficient" as a matter of law. The affidavit seeking recusal was filed just days before trial was originally set to begin, and only in response to the Court's order to show cause. The recusal statute includes a timeliness requirement for this precise reason: to avoid eleventh-hour applications that would disrupt orderly progression of the litigation. See United States v. Durrani, 835 F.2d 410, 427 (2d Cir. 1987) (timeliness requirement safeguards court system "from last-minute dilatory tactics"). The affidavit was also legally insufficient to demonstrate that recusal was warranted because it failed to show any objectionable inclination or disposition of this Court. See Rosen v. Sugarman, 357 F.2d 794, 798 (2d Cir. 1966); see also Role v. Eureka Lodge No. 434, 402 F.3d 314, 318 (2d Cir.

II.  Conclusion

Plaintiff's remaining arguments are without merit. For the foregoing reasons, plaintiff's motion for reconsideration or reargument is DENIED.

**IT IS SO ORDERED.**

s/ Sandra J. Feuerstein

---
Sandra J. Feuerstein
United States District Judge

Dated:  August 6, 2012
  Central Islip, New York

---

2005); McCenzie v. McClatchie, No. 05-CV-618A, 2008 WL 138085, at *3 (W.D.N.Y. Jan. 10, 2008) ("Where, however, the supporting affidavit is insufficient on its face, th[e] forbearance requirement is not 'triggered.'"). In any event, the Court now explicitly denies plaintiff's motion for recusal, and reaffirms its dismissal order for the reasons stated therein.